Commonwealth *v.* Wallington, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Benjamin Lerner,* Defender, for appellant.

*Hugh J. Colihan, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., February 2, 1976:

Appeal is taken to this Court from an Order of April 30, 1975, wherein Judge DOTY denied appellant Wellington's[1] petition for writ of certiorari by the Common Pleas Court to the Municipal Court of Philadelphia.[2] At a Municipal Court trial on March 18, 1975, Judge JAMISON, sitting without a jury, found appellant guilty of theft by receiving stolen property,[3] having sustained appellant's demurrer to the charge of theft by unlawful taking, and found him not guilty of criminal conspiracy.

---

1. The trial transcript spells the name Wallington.

2. Appellant's Petition for Writ of Certiorari refers to the jurisdictional procedure provided by Philadelphia General Court Regulation 73-8.

3. A violation of the *Crimes Code,* 18 Pa. C.S. §3925.

The record shows that appellant, on February 9, 1975, had been arrested and was being held at Philadelphia Police headquarters. While he and twelve others were detained in a cell, one inmate of that cell reported a theft of $500.00 from his person. All inmates were searched, and appellant was found to have $230.00, whereas when he arrived at headquarters some few hours previously, he possessed only $7.02. The other inmates were found to have various amounts. The indictments which were the subject of appellant's trial followed. The alleged crimes for which appellant first had been arrested are not a part of this appeal.

Appellant now asks for reversal of the Order denying him trial in Common Pleas Court and for a new trial. His argument is grounded upon a charge that his Fourth Amendment freedom from unlawful search and seizure was violated for lack of probable cause to arrest. He therefore urges upon us the conclusion that the products of this allegedly invalid search and seizure should have been suppressed, and so he argued at trial but his claim was denied. The question is preserved properly for consideration of the Constitutional question as appeal is taken from denial of writ of certiorari to a lower court. See *Philadelphia v. Dortort*, 205 Pa. Superior Ct. 211, 208 A.2d 797 (1965).

"The basic purpose of this [Fourth] Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Municipal Court*, 387 U. S. 523, 528, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). This states the basic rule from which countless cases have gone forth as to what is an unlawful and arbitrary as opposed to a permissive invasion into one's privacy by government officials. We are now called upon to make such definition for a prisoner in custody. Because of the custodial aspect present in this problem of first impression, we first must consider

the latitude available to the custodians in their maintenance of discipline and control in a penal institution. "Prison officials have wide discretion in matters of prison operation and discipline." *Negrich v. Hohn,* 379 F.2d 213, 215 (3d Cir. 1967). In *Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110 (1971), reference is made to the proposition that the running of prisons is the responsibility of the prison employees and state and local supervisory officers. Thus the discretion is broad insofar as prison employees may control and discipline inmates. But "prison officials do not have carte blanche to disregard first and fourteenth amendment rights, even in the name of prison discipline." *Owens v. Brierley,* 452 F.2d 640, 642 (3d Cir. 1971). See also *Jackson v. Godwin,* 400 F.2d 529 (5th Cir. 1968). Discussing a due process—Fifth and Fourteenth Amendments—question, the District Court has stated that "maintenance of control and security may not be used to justify the deprivation of basic human rights unless in pursuance of valid objectives and provided that the rudiments of due process are first observed." *U. S. ex rel. Neal v. Wolfe,* 346 F. Supp. 569, 574 (E. D. Pa. 1972).

While we are not faced herein with a due process question, we do recognize that custodial control and prison security cannot be excuses for overzealous conduct which deprives prisoners of basic freedoms. It is a difficult balance to maintain between protection of an individual's freedoms and the societal need for secure prisons. Because of the prison officials' discretionary powers in the maintenance of discipline, the Constitutional freedom of prisoners is curtailed to a degree. In considering to what degree they are curtailed we adopt the pronouncements of the federal courts on this subject, direct precedent in our Courts being unavailable. We therefore hold that the Fourth Amendment's freedoms are justifiably limited, in the prison environment, to the extent that officials may search prisoners and seize contraband or evidence

of suspected criminality. Otherwise-recognized safeguards of the Fourth Amendment are not cognizable unless and until such searches and seizures be solely for the purposes of harassment. We recognize that a definite and hard-fixed standard is not explicit from our decision; but it cannot be when we are dealing with important concepts of Constitutional law, where factual nuances can alter the legal conclusions upon such concepts from case to case.

We have in the instant case one search of a delineated group of twelve individuals who had shared the same cell made upon a complaint by one of their number. Crime was alleged; and there was good reason for the Philadelphia Police (who in this case were also the jail custodians) to believe that crime was afoot. For a police department's hands to be tied and actions restricted in such a case would be outside the realm of reason. Proper prison discipline calls for prompt action when crime is committed in the jail. There was no abuse of discretion and certainly no harassment. Therefore, we hold that the search of appellant was reasonable and lawful. This subsequent arrest was proper and with probable cause. In his situation the prisoner, appellant, does not have available to him the full reach and panoply of Constitutionally-guaranteed rights because reasonable custodial needs of the prison have intervened to the degree herein accepted.

Order affirmed.

JACOBS, HOFFMAN, and SPAETH, JJ., concur in the result.