## Commonwealth v. O'Brien

*Bruce J. Eckel*, for Commonwealth.
*Douglas Breidenback*, for defendant.

LOWE, *P.J.*, January 23, 1981—Defendant, John George O'Brien, was tried before the writer of this

opinion and a jury and was found guilty on charges (1) that defendant did unlawfully, knowingly or intentionally possess a controlled or counterfeit substance, to wit, marijuana, in violation of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-113 (Action No. 4679-79) and (2) that defendant unlawfully brought into the State Correctional Institution at Graterford, marijuana, a controlled substance, a schedule I drug, without a written permit signed by the physician of such institution, in violation of the Crimes Code, 18 Pa.C.S.A. §5123, (Action No. 4679.1-79). On May 8, 1980, the court dismissed defendant's motions for new trial and in arrest of judgment. On August 18, 1980, defendant was sentenced on the second above mentioned charge to undergo imprisonment for not less than one-half year nor more than two years in a state correctional institution.

Defendant has taken his appeal to the Superior Court of Pennsylvania from the judgment of sentence. Hence, it is necessary to submit this opinion.

At the trial of this action, Gene Ortlip, a corrections officer at the State Correctional Institution at Graterford testified that while so employed on October 28, 1979, in the morning, he was assigned to work with the day captain's officer to handle certain visits to inmates. Several visitors wanted to see inmates in Cell Block A. Mr. Ortlip tried several times to telephone Cell Block A. The line was busy repeatedly. By using the override system, dialing the last two digits of the A-Block number, he could and did immediately break into the line. He heard two individuals talking about money which, "coming into the prison is contraband." "Money" may mean anything desired by an inmate. One speaker said that he was at the disposal plant and that he

would be coming in with the money that afternoon. Mr. Ortlip then notified Lieutenant Berger, in the Control Room Area, of the conversation which Ortlip had heard. Defendant at that time was living in A-Block. Mr Ortlip did not recognize the voice of either speaker.

William J. Sheaffer, an officer at the State Correctional Institution, at about 10:30 a.m. on October 28, 1979, pursuant to instructions, searched workers including defendant who were coming from the sewage disposal plant of the institution. A packet was seen stuck to defendant's foot when he removed his shoe. Sheaffer took the packet and delivered it to Trooper Paul T. Miller, for analysis. Mr. Miller conducted a field test which was positive for the presence of cannabis, which is marijuana. Alexander Stirton, a qualified expert in drug analysis indentified the contents of the packet as marijuana, a controlled substance in schedule one. The witness testified that the scientific name of the plant is cannabis sativa which, he declared, is also known as cannabis ruderalis and cannabis indicia.

Defendant contends that the court erred in denying his pre-trial motion to suppress the evidence which was adduced as a result of Mr. Ortlip's interception of the telephone conversation in which the caller said that he was "coming in with the money" that afternoon.

Defendant bases his contention upon the Fourth Amendment of the Constitution of the United States, U.S. Const., Amend. IV, (1791), which provides that "The right of the people to be secure in their . . . houses . . . against unreasonable searches and seizures, shall not be violated." However, "Fourth Amendment freedoms are justifiably limited in the prison environment. . . . Otherwise, recognized safeguards of the Fourth Amendment are

cognizable unless and until such searches and seizures be solely for the purposes of harassment." Com. v. Wallington, 238 Pa. Superior Ct. 311, 357 A. 2d 598, 600 (1976).

Defendant concedes that "where there is suspected criminality, the Fourth Amendment deserts an inmate," but that "where no criminality is suspected, a prisoner retains the protection of the Fourth Amendment in those areas where he has a reasonable expectation of privacy." Defendant contends that a prisoner's inter-com telephone call within a correctional institution is such an area. We think it is quite brazen to contend that any prisoner has an absolute right of privacy when he is using an inter-communication system within the institution wherein he is confined.

Defendant is not entitled to privacy simply because of a subjective or objectively indicated expectancy or desire for privacy. The right exists only if society views such expectancy or desire as reasonable: Katz v. United States, 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). Because of the need for security and discipline within a prison, society will not grant a right of privacy in a telephone call made on an internal telephone system where a prison officer, using the override system, hears a conversation between two prisoners.

The fact in the instant case is that the inter-com equipment was constructed with an override system which no doubt was for the more effective and convenient operation of the institution. There is not the slightest evidence that the equipment was installed or used for the purpose of harassing inmates.

Defendant contends that the court's denial of his motion to suppress the evidence violated his rights under the Wiretapping and Electronic Surveillance

Control Act, 18 Pa.C.S.A. § 5701 et seq. This act at section 2, 18 Pa.C.S.A. §5703 makes a person guilty of a felony of the third degree if he "willfully intercepts . . . any wire or oral communication . . ." *under certain circumstances.*

There are at least three reasons why this Pennsylvania Act is inapplicable. First, there was no oral communication, defined by that Act of 18 Pa.C.S.A. §5702 as "Any oral communications uttered by a person possessing an expectation that such communication is not subject to interception *under circumstances justifying such expectation.*" (Emphasis supplied.) Second, Officer Ortlip did not use any intercepting device. 18 Pa.C.S.A. §5702 expressly excludes from the definition of "intercepting device" any "telephone equipment . . . used by a . . . law enforcement officer in the ordinary course of his duties." It is indisputable that the telephone equipment in the instant case was used by Officer Ortlip in the ordinary course of his duties. Third, defendant is not an "aggrieved person" within the express provision of 18 Pa.C.S.A. §5721 because he was neither "a party to any intercepted wire or oral communication or a person against whom the interception was directed."

Defendant contends that, apart from the question of violation of any of his rights under Pennsylvania law, the denial of his motion to suppress the evidence violated the Federal law relating to wiretapping and electronic surveillance: Omnibus Crime Control and Safe Streets Act of June 19, 1968, 82 Stat. 112, 18 U.S.C.A. §2510 et seq. Under that act, "Except as otherwise specifically provided in this chapter any person who (a) willfully intercepts, endeavors to intercept . . . any wire . . . communication . . ." is guilty of a crime: 18 U.S.C.A. §2511. "Intercept" means "the aural ac-

quisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C.A., §2510(4). "Electronic, mechanical or other device" means "any device or apparatus which can be used to intercept a wire or oral communication *other than*—(a) any telephone . . ., equipment or facility . . . (ii) being used . . . by an investigative or law enforcement officer in the ordinary course of his duties." (Emphasis supplied) 81 U.S.C.A. §2510(5).

The Act of 1968, supra, at 18 U.S.C.A. §2515 provides that "Whenever any wire . . . communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial . . . if the disclosure of that information would be in violation of this chapter." We think it is clear from the definitions of the Act of 1968, supra, that it in no wise bars the introduction of the testimony of Mr. Ortlip because he simply used the telephone in the ordinary course of his duties, one of which was to be alert to learn of criminal behavior of inmates of the State Correctional Institution at which he was employed. In sum, the testimony of Mr. Ortlip was admissible even under the national standards of permissible wiretapping procedures which "are to be construed strictly, because Congress knew that it was creating an investigative mechanism which potentially threatened the constitutional right to privacy. . . ." United States v. Capra, 501 F. 2d 267, 276, 277 (2d Cir. 1974).

Where a prisoner is allowed to make a telephone call so that it can be monitored in an *exceptional course* of conduct for a prison administration, a court has held that the Act of 1968 at "18 U.S.C.A. §2510(a)(i) and (ii) does not provide the basis for a

'prison exemption' from the Act." Campiti v. Walonis, 611 F. 2d 387, 392 (1st Cir. 1979). In Campiti, at p. 393, the court found there had been a *"deliberate premediated intercept."* (Emphasis supplied.) In the instant case, by contrast, the interception was unpremediated, a mere coincidence.

To this we add that we think that every prisoner such as this defendant is on notice that monitoring, at least where it is undertaken in a particular case of a coincidental uses of the same telephone wire, does permissibly qualify as part of the ordinary course of correctional officers' business within the purview of 18 U.S.C.A. §2510(5)(a): Campiti v. Walonis, supra, p. 392, fn. 4 (discussed, but *not* decided therein).

Defendant contends that this court per Smillie, J., erred in denying a motion to quash the informations because of the failure of the district justice to grant defendant's request that a court reporter make a stenographic record of the preliminary hearing. Defendant at a preliminary hearing may "if he desires: . . . (4) make written notes of the proceedings, or have his counsel do so, or make a stenographic, mechanical or electrical record of the proceedings." Pa.R.Crim.P. 141(c)(4). There is no rule requiring a district justice to arrange for, or for the public to provide, a transcript of the preliminary hearing: Com. v. Minifield, 225 Pa. Superior Ct. 149, 310 A. 2d 366 (1973). The rule allows defendant to hire someone to made such a record. Judge Smillie's ruling was correct and proper.

Defendant complains because the trial judge refused defendant's seventh and eighth points for charge. The trial judge instructed the jury that defendant was charged with bringing or attempting to bring marijuana into the State Correctional

Institution. Defendant's counsel requested an instruction that only cannabis sativa L is prohibited in Pennsylvania, that any other form of cannabis is not prohibited. The trial judge properly refused that point. The Commonsswealth's expert witness in criminal and biological tests, Mr. Stirton, testified that there is only one type of marijuana. It has been given the scientific name Cannabis Sativa L, although it has also been called Cannabis Indica. The evidence was consistent that marijuana is monotopic. This witness, and also Trooper Miller, gave composite testimony that the item which defendant brought into the institution was cannabis, marijuana, cannabis sativa L. Mr. Stirton testified that cannabis ruderalis and cannabis indicia are synonymous for cannabis sativa, though the Crimes Code identifies the item as cannabis sativa L. On review of all the evidence, we find no error in the rulings of the trial judge about which defendant complains.

The verdict was supported by the evidence. Mr. Stirton and Trooper Miller identified the drug carried by defendant by several names. However, the record is clear that the drug was marijuana, known in the Crimes Code as "cannabis sativa," and known by various other names.

Defendant's final contention is that the Commonwealth failed to prove that defendant was not registered or licensed to possess marijuana. The non-registration or non-licensing is an element of the crime prohibited by CSDDC Act, 35 P.S. §780-113(a)(16). There was no direct evidence of such non-registration or non-licensing. However, defendant at no time stated that he had a permit or showed a permit. In addition to this, we note the evidence that defendant walked into the prison with contraband hidden in his shoe, that he ap-

pears to have tried to hide it from the correctional officer who conducted a search, and he denied possession of it. A conviction for failure to possess a required permit may be supported by circumstantial evidence. "The guilt of one accused of crime may be established beyond a reasonable doubt by circumstantial evidence alone." Com. v. Figueroa, 456 Pa. 381, 384, 321 A. 2d 658 (1974).

The test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime or crimes of which he has been convicted: Com. v. Oates, 448 Pa. 486, 489, 295 A. 2d 337 (1972). In the instant case, there was sufficient evidence for the jury to conclude beyond a reasonable doubt that defendant did not have a permit for marijuana. In fact, the evidence of guilt is overwhelming. The verdict and sentence were proper. The judgment should be affirmed.