580 A.2d 393

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald William BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1990.

Filed Sept. 17, 1990.

470

Toney Sangiamo, Harrisburg, for appellant.

Roy A. Keefer, Asst. Dist. Atty., Gettysburg, for Com., appellee.

Before WIEAND, MONTGOMERY and BROSKY, JJ.

PER CURIAM:

Appellant, Ronald William Boyd, was convicted by a jury of escape, unlawful restraint, false imprisonment, and simple assault. Post-trial motions were denied and appellant was sentenced to one (1) to seven (7) years imprisonment and a consecutive term of five (5) years probation. This direct appeal followed. We affirm.

Appellant raises three issues on appeal: (1) whether all charges should have been dismissed because appellant's Sixth Amendment rights had been violated; (2) whether the charges should have been dismissed because appellant's Fourth Amendment rights had been violated; and (3) whether the evidence was insufficient to support the conviction for unlawful restraint.

Appellant's first two issues are based upon an incident which occurred while he was incarcerated. Appellant attempted to commit suicide while incarcerated. Pennsylvania State Trooper Kenneth A. Zeisloft investigated the attempted suicide. During a routine search of appellant's cell, Trooper Zeisloft found a letter taped to the wall. Trooper Zeisloft removed the letter because he thought it was a suicide note. The letter was addressed to appellant's attorney and contained details of the crimes. Trooper Zeisloft took the letter to the evidence locker in the Gettysburg Barracks. He also made copies of the letter for the investigating officer, Trooper Dennis Peck. An evidentiary hearing was conducted and the trial court concluded that appellant did not have an expectation of privacy in this cell and the letter was lawfully seized.

Appellant first claims that confiscation of the letter was an intentional governmental intrusion to the attorney-

client relationship thus, violating the Sixth Amendment right to counsel. Appellant's reliance on the case of *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), and cases interpreting *Weatherford* is misplaced.[1] In all of appellant's cited cases there was an intentional intrusion upon attorney-client communications.

In the instant case, there was not an intentional intrusion. The facts of the case illustrate that appellant's attempted suicide initiated the investigation. Moreover, the letter was not used by the prosecution during the trial. We fail to see how appellant has been prejudiced.

■ Furthermore, the attorney-client privilege is confined to confidential communications. 42 Pa.C.S. § 5916. We cannot say that appellant intended this letter to be confidential since he hung it up on his cell wall. See *Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234 (1982) (the privilege does not apply to communications which were publicly disclosed at the direction of the client because they are not considered confidential).

■ Appellant next claims that the search of his cell was a violation of his Fourth Amendment protection against unreasonable search and seizure. The search in question took place in appellant's prison cell. The Fourth Amendment protection against unreasonable searches does not apply to prison cells. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The limitations of one's Fourth Amendment freedoms are justified in the prison environment in that officials may search prisoners and seize contraband or evidence of suspected criminality. *Commonwealth v. Wallington*, 238 Pa.Super. 427, 357 A.2d 598 (1976). In the instant case, appellant had attempted to commit suicide and the state had a legitimate interest in conducting a routine search of the cell and appellant's claim must fail.

1. The other cases appellant cites to are *United States v. Levy*, 577 F.2d 200 (3rd Cir.1978), and *United States v. Constanzo*, 740 F.2d 251 (3rd Cir.1984).

■ Appellant's final claim is that the evidence was insufficient to sustain the conviction for unlawful restraint. Appellant contends that the victim was not exposed to actual serious bodily injury. When reviewing sufficiency claims, the test is whether, viewing the evidence, with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could reasonably have determined that all the elements of the crime have been established beyond a reasonable doubt. *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 391 A.2d 662 (1978).

The evidence revealed that on the morning of July 20, 1988, the victim, Dorothy Schoff, left her home accompanied by a male friend. When she walked outside, appellant was driving past in his car. Ms. Schoff and her friend proceeded to get in her car and drive into Gettysburg. Appellant followed them the whole time. Ms. Schoff pulled off to the side of the road and appellant did the same. Ms. Schoff's friend told appellant to stay away. All parties returned to their vehicles. Ms. Schoff dropped her friend off at work and proceeded to go home. For a while appellant was not following her but eventually he caught up with her.

While Ms. Schoff was stopped at an intersection appellant hit his vehicle against the side of Ms. Schoff's vehicle. As appellant approached Ms. Schoff's vehicle, she immediately locked all of the doors. Appellant kicked in the passenger side window, went in the vehicle through the broken window and proceeded to attack Ms. Schoff. She attempted to get away but appellant physically prevented her escape. Appellant threw Ms. Schoff in the backseat area of the car and drove the car away. Appellant kept Ms. Schoff against her will for approximately eleven days until he was finally apprehended in Mansfield, Pennsylvania.

Given the evidence recited above it is clear that the victim was threatened by appellant, struck by him, and forcibly resisted his actions. This evidence was clearly sufficient to sustain the conviction. *Commonwealth v. Moody*, 295 Pa.

Super. 106, 441 A.2d 371 (1982); *Commonwealth v. Belgrave, supra.*

Judgment of sentence affirmed.