J-S07017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :               PENNSYLVANIA
                                        :

              v.                             :
                                        :

ROBERT JUNIOUS                    :
                                        :

                Appellant           :    No. 2423 EDA 2016

Appeal from the Judgment of Sentence February 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000504-2012,
CP-51-CR-0000533-2012

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.                     **FILED JULY 03, 2018**

Appellant, Robert Junious,[1] appeals from the judgment of sentence entered after his convictions for numerous offenses arising from the sexual assault of two women. Appellant attacks the sufficiency of the evidence underlying his convictions. We affirm.

The trial court accurately summarized the history of his case. ***See*** Trial Court Opinion, filed 4/13/17, at 1-5. Therefore, a detailed recitation of the factual and procedural history is unnecessary.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are

---

[1] Appellant is also identified in the record as "Hassan Junious."

sufficient for the trier of fact to find each element of the crimes charged is established beyond a reasonable doubt. ***See Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa. Super. 2003).

On appeal, Appellant contends that the Commonwealth presented insufficient evidence to support his convictions. Specifically, Appellant alleges the Commonwealth failed to prove either victim did not consent to Appellant's sexual advances. The trial court, in its April 13, 2017 opinion, has methodically reviewed this claim and disposed of Appellant's sufficient arguments on the merits. We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written opinion of the Honorable Diana L. Anhalt. Judge Anhalt's opinion comprehensively disposes of Appellant's challenges with appropriate references to the record and without legal error. Accordingly, we affirm the trial court's judgment of sentence on the basis of Judge Anhalt's opinion filed April 13, 2017.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/18

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL DIVISION TRIAL

| COMMONWEALTH | : | NO.: CP-51-CR-0000533-2012 |
|---|---|---|
| OF PENNSYLVANIA | : | CP-51-CR-0000504-2012 |
| | : | |
| v. | : | Superior Court No.: |
| | : | 2423 EDA 2016 |
| ROBERT JUNIOUS | : | |

**OPINION**

FILED

APR 1 3 2017

Criminal Appeals Unit
First Judicial District of PA

**ANHALT, J.**

Appellant in the above-captioned matter appeals this Court's judgment regarding his

conviction for Criminal Attempt (Rape) (18 Pa.C.S.A §901(a)), Criminal Attempt (Sexual

Assault) (18 Pa.C.S.A §901(a)), Indecent Assault (18 Pa.C.S.A §3126(a)(2)), Simple Assault (18

Pa.C.S.A §2701(a)) and False Imprisonment (18 Pa.C.S.A §2903(a)) on CP-51-CR-0000504-

2012[1] and Rape (18 Pa.C.S.A §3121), Sexual Assault (18 Pa.C.S.A §3124.1), Involuntary

Deviate Sexual Intercourse (18 Pa.C.S.A §3123(a)(1)), Indecent Assault (18 Pa.C.S.A

§3126(a)(2)), Simple Assault (18 Pa.C.S.A §2701(a)), and False Imprisonment (18 Pa.C.S.A

§2903(a)), on Docket No. CP-51-CR-0000533-2012.[2] The Court submits the following Opinion

in accordance with the requirements of Pa.R.A.P. 1925(a). For the reasons set forth herein, the

Court holds that the judgment of conviction should be affirmed.

**PROCEDURAL HISTORY**

On October 9, 2011, police arrested and charged Appellant, Robert Junious with

numerous offenses stemming from two separate assaults. Following a waiver trial on October 21,

CP-51-CR-0000533-2012 Comm. v. Junious, Robert
Opinion



7932769651

---

[1] Complainant Danielle Green.
[2] Complainant Erica Moore.

2015, this Court found Appellant guilty of Criminal Attempt (Rape) (F1), Criminal Attempt (Sexual Assault) (F2), Indecent Assault (M1), Simple Assault (M2) and False Imprisonment (M2) on CP-51-CR-0000504-2012 and Rape (F1), Sexual Assault (F2), Involuntary Deviate Sexual Intercourse (F1), Indecent Assault (M1), Simple Assault (M2), and False Imprisonment (M2) on CP-51-CR-0000533-2012. On February 24, 2016, this Court sentenced Appellant to eight to seventeen years of incarceration followed by two years of probation on CP-51-CR-0000504-2012 and eight to seventeen years of incarceration followed by two years of probation on CP-51-CR-0000533-2012 to run concurrent to one another.

Appellant filed a timely notice of appeal on February 29, 2016. On March 7, 2016 and March 16, 2016, this Court ordered Appellant pursuant to Pa. R.A.P. 1925(b) to file with the Court a Concise Statement of Matters Complained of on Appeal. On April 5, 2016, Appellant filed a motion for extension of time. On July 25, 2016, Appellant filed another notice of appeal. On July 29, 2016, this Court again ordered Appellant pursuant to Pa. R.A.P. 1925(b) to file with the Court a Concise Statement of Matters Complained of on Appeal. On August 19, 2016, Appellant filed a Statement of Errors Complained of on Appeal. The following issues are raised on appeal:

1. The trial court erred when it found that there was sufficient evidence to convict appellant Robert Junious of the criminal offenses of: Criminal Attempt (Rape) (18 Pa.C.S.A. § 901), Criminal Attempt (Sexual Assault) (18 Pa.C.S.A. § 901), Indecent Assault (18 Pa.C.S.A. § 3126), Simple Assault (18 Pa.C.S.A. § 2701) and False Imprisonment. (18 Pa.C.S.A. § 2903) on CP-51-CR-0000504-2012 (complainant - D███ G███).

2. The trial court erred when it found that there was sufficient evidence to convict appellant Robert Junious of the criminal offenses of: Rape (18 Pa.C.S.A. § 3121), Involuntary Deviate Sexual Intercourse (18 Pa.C.S.A. § 3123), Sexual Assault (18 Pa.C.S.A. § 3124.1), False Imprisonment (18 Pa.C.S.A. § 2903), Indecent Assault (18 Pa.C.S.A. § 3126) and Simple Assault (18 Pa.C.S.A. § 2701) on CP-51-CR-0000533-2012 (complainant - E███ M███).

2

## FACTUAL HISTORY

In 2011, two sexual assaults were reported to Philadelphia Police. Notes of Testimony (N.T.) 10/21/15 at 2. On August 24, 2011, D██████ G███ reported the assault to police. *Id.* at 62-63. Early on that morning, Appellant approached Ms. G███ behind a Church's Chicken restaurant located at 5251 Frankford Avenue. *Id.* at 56. Ms. G███ entered Appellant's vehicle and Appellant drove her to a secluded residential location in Torresdale. *Id.* at 56. During the drive, Appellant asked Ms. G███ to perform oral sex on him multiple times. *Id.* Each time, Ms. G███ responded that she would not perform any sexual acts on Appellant until he paid her.[3] *Id.* at 57. After arriving at the secluded location and unsuccessfully requesting oral sex, Appellant leaned towards Ms. G████, and pulled her seat-recliner lever. *Id.* As Appellant pulled the lever, he also leaned his body against Ms. G███ to force her seat to recline. *Id.* Appellant put his forearm on Ms. G███'s collarbone and attempted to remove her pants. *Id.* at 58. Appellant attempted to remove her pants by pulling the back of her pants from between her legs, grabbing underneath her butt. *Id.* In response to Appellant's actions, Ms. G███ leaned back with her knees up to her chest in an attempt to protect herself. *Id.* Appellant then climbed on top of her. *Id.* at 57. Ms. G███ tried to move but she could not. Id. at 66. As she tried to move Appellant told her to "stop fighting it."

During the struggle, Appellant punched Ms. G███ hard in her face. *Id.* at 59-60. After punching Ms. G███, Appellant apologized for his actions. *Id.* at 60. Ms. G███ did not notice if Appellant's penis came out of his pants, however, she felt it during the altercation. *Id.* Ms. G███ then noticed that Appellant had ejaculated on her clothing during the altercation. *Id.* At no point

---

[3] Ms. G███ was working as a prostitute.

3

did Ms. G████consent to Appellant climbing on top of her or ejaculating on her. *Id.* at 67. Ms. G███demanded that Appellant drive her towards her home. *Id.* at 61. After driving a short distance to the area Ms. G████requested, Appellant stopped at a street corner and demanded that Ms. G████exit the vehicle. *Id.* Ms. G████ exited, wrote down Appellant's license plate number and called the police as Appellant drove away. *Id.* at 62. As she began walking, she noticed and approached a police car parked on the 4900 block of Torresdale Avenue. *Id.* at 63. Ms. G████ then gave Officer Baldomiro Soarez the license plate number of Appellant's vehicle. *Id.* at 49. Police then took Ms. G████ to the Special Victims Unit. *Id.*

In the early hours of October 4, 2011, Appellant approached E████ M████at the intersection of Kensington Avenue and Tioga Street.[4] *Id.* at 16-17. After Appellant indicated that he was interested in obtaining Ms. M████'s services, Ms. M████entered Appellant's vehicle. *Id.* at 18. Once Ms. M████ entered the vehicle, she directed Appellant to drive to a secluded location near the intersection Emerald Street and Castor Avenue. *Id.*

After parking at the secluded location, Ms. M████ and Appellant negotiated a price for her services. *Id.* After agreeing on a price, Ms. M████then began to place a condom on Appellant's penis and asked Appellant to pay her the money. *Id.* As Ms. M████did this, Appellant pulled out a gun and pointed it at her face. *Id.* at 19-20. As Appellant pointed the gun at Ms. M████ he ordered her to perform oral sex on him. *Id.* at 20. After Ms. M████complied with Appellant's demands, Appellant placed the gun on Ms. M████'s temple and ordered her to turn around. *Id.* Appellant then proceeded to penetrate Ms. Moore vagina with his penis. *Id.* at 21-22.

---

[4] Ms. M████was working as a prostitute.

After Appellant finished, Ms. M████ pushed Appellant off of her and ran out of the car. *Id.* at 22. While running away from Appellant, Ms. M████ approached Officer Victor Rosa, an on-duty police officer. *Id.* at 23. Ms. M████ distraughtly told Officer Rosa that she had just been raped and provided him the license plate number of Appellant's vehicle. *Id.* at 7, 23. Officer Rosa then took Ms. Moore to the Special Victims Unit. *Id.* at 8.

## DISCUSSION

### I. There is sufficient evidence to sustain the guilty verdicts against Appellant for his actions against D████ G████ and E██ M████.

In considering a challenge to the sufficiency of the evidence, the reviewing court must determine whether, viewing all the evidence at trial and the reasonable inferences therefrom in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was proven beyond a reasonable doubt. *Commonwealth v. Chine*, 40 A.3d 1239, 1242 (Pa. Super. 2012); *Commonwealth v. Marinelli*, 690 A.2d 203, 210-11 (Pa. 1997); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). This standard is applicable whether the evidence presented is circumstantial or direct, provided the evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth v. Morales*, 669 A.2d 1003, 1005 (Pa. Super. 1996). Furthermore, questions of witness credibility and the weight to be afforded the evidence are within the sole province of the finder of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Id.* At the outset, this Court acted within its discretion when it found both complaining witnesses credible.

5

### i.    Attempted Rape of D█████ G███.

Appellant contends the evidence presented at trial was insufficient to prove the elements of attempted rape. A person commits an attempt when, with the intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A §901. A person commits rape when the person engages in sexual intercourse with a complainant by forcible compulsion or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. 18 Pa.C.S.A §3121.

The court in *Commonwealth v. Martin*, 452 A.2d 1066, 1070 (Pa. Super. 1982) found there was sufficient evidence to convict the defendant of attempted rape. In *Martin*, the defendant grabbed and dragged the victim involuntarily, threatened to kill her and expressed his intention to have sex with her. *Id. Martin* determined that this amounted to a substantial step in effectuating an intended rape, resulting in a proper conviction. *Id.* In *Commonwealth v. Keeler*, 448 A.2d 1064, 1072 (Pa. Super. 1982), the court found that there was sufficient evidence to sustain a guilty conviction of attempted rape where the defendant placed a shirt over the victim's head, announced that he was going to rape her and engaged in a physical struggle with the victim. While both defendants in these two cases explicitly announced their intentions to rape the victim, this admission is not required. *Commonwealth v. Chance*, 458 A.2d 1371, 1374 (Pa. Super. 1983). In *Commonwealth v. Owens*, 462 A.2d 255, 257 (Pa. Super. 1983), the defendant struck the victim, forcibly led her into the garage, removed her clothing and was about to sexually assault her when a woman entered the garage to intervene in the struggle. The *Owens* court determined that the evidence was enough to infer that the defendant made a "substantial

step" toward the commission of the crime. *Id.* Therefore, there was sufficient evidence to convict the defendant of attempted rape. *Id.*

Here, Appellant pushed Ms. G████'s seat backwards in order to force himself upon her. N.T. 10/21/15 at 57. After he forced himself on top Ms. G████ and held her down with his forearm, Appellant attempted to remove Ms. G████'s pants. *Id.* at 58. Similar to *Keeler* and *Martin*, Appellant and Ms. G████ engaged in a physical struggle. *Id.* During the struggle, Appellant punched Ms. G████ in the face and ejaculated on her. *Id.* at 58-59. The physical struggle is enough to effectuate a substantial step in the attempted rape of Ms. G████. Following *Chance* and *Owens*, Appellant not expressly announcing his intention to rape Ms. G████ is not determinative. Additionally, it is important to note that Appellant picked up Ms. G████, a prostitute, with the intention of engaging in sexual intercourse. *Id* at 56. Appellant fought with Ms. G████, forced her pants down and then eventually ejaculated on her clothes. *Id.* at 58, 60. Luckily for Ms. G████, she was tough enough to fight off Appellant from penetrating her. *Id.* at 58. This evidence is sufficient to infer Appellant's intentions. Therefore, there is sufficient evidence to sustain Appellant's attempted rape conviction.

### ii. Attempted Sexual Assault of D████ G████

Appellant contends the evidence presented at trial was insufficient to prove the elements of attempted sexual assault. A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A §901. A person commits sexual assault when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent. 18 Pa.C.S.A §3124.1. Intent may be shown by circumstantial evidence. *Chance*, 458 A.2d at

7

1374 (holding that specific intent may be inferred from the words or the actions of the defendant in light of all attendant circumstances).

In *Commonwealth v. Pasley*, 743 A.2d 521, 524 (Pa. Super. 1999), the defendant, who was wearing only shorts, threw the victim on his bed, straddled her, pushed up her shirt and bra to her neck and attempted to unbutton her pants. The victim scratched and punched the defendant during this struggle until he began to bleed and he then told her to leave. *Id.* The *Pasley* court determined that this evidence was sufficient to convict the defendant of attempted sexual assault despite the defendant never explicitly stating that he was intending to have sex with the victim. *Id.*

As mentioned earlier, the record indicates that Ms. G▮▮▮ refused to consent to sexual intercourse with Appellant without first receiving payment. N.T. 10/21/15 at 57. Analogous to *Pasley*, Appellant, forced himself upon Ms. G▮▮▮ and attempted to remove her pants while exposing his penis. *Id.* Again, although Appellant did not explicitly state his intention of sexually assaulting Ms. G▮▮▮, his actions are sufficient to infer his intent. Therefore, there is sufficient evidence to sustain Appellant's attempted sexual assault conviction.

### iii.     Indecent Assault of D▮▮▮▮ G▮▮▮▮.

Appellant contends the evidence presented at trial was insufficient to prove the elements of indecent assault. Under the Pennsylvania Criminal Code:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and does so without the complainant's consent, or by forcible compulsion or by the threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

8

18 Pa.C.S.A §3126(a)(1). The Superior Court added that if an intimate part of the defendant's body comes into contact with any part of the victim's body for the purpose of arousing the defendant's sexual desire that such contact constitutes indecent assault. *Commonwealth v. Hawkins*, 614 A.2d 1198, 1201 (Pa. Super. 1992). Furthermore, whether the offender is touching a sexual or intimate part of the victim's body, or the offender is forcing the victim to touch a sexual or intimate part of his body, the act of "touching," is not limited to the hand or finger. *Commonwealth v. Grayson*, 549 A.2d 593, 596 (Pa. Super. 1988).

In *Commonwealth v. Capers*, 489 A.2d 879, 882 (Pa. Super. 1985), the court determined that the defendant's removal of the victim's pants and underwear and the touching of parts of her body constituted indecent contact and suggested that the defendant's conduct was motivated, at least in part, by an intent to arouse or gratify sexual desire on the part of himself or his victim. The *Capers* court found that this evidence was sufficient to sustain an indecent assault conviction. *Id.* In *Commonwealth v. Fisher*, 47 A.3d 155, 157-158 (Pa. Super. 2012), the court determined that the evidence was sufficient to permit the jury to conclude that the backs of the victim's legs from ankle to just below the buttocks were intimate parts of the body that the defendant touched with his tongue for sexual purposes.

The record demonstrates that during the struggle Appellant put his hand between Ms. G███'s legs to remove her pants from behind her butt. N.T. 10/21/15 at 58. Appellant also leaned on her by pressing his forearm on her collarbone while trying to remove her pants. *Id.* at 57-58. Furthermore, as a result of the struggle between Appellant and Ms. G███, Appellant ejaculated on Ms. G███, which by itself, is sufficient for indecent assault. N.T. 10/21/15 at 60. Therefore, there is sufficient evidence to sustain Appellant's indecent assault conviction.

### iv. Simple Assault of D████ G███.

Appellant contends the evidence presented at trial was insufficient to prove the elements of simple assault. A person is guilty of simple assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S.A §2701(a)(1). "Bodily injury" is defined as "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. Furthermore, it is sufficient to support a simple assault conviction if the Commonwealth establishes an attempt to inflict bodily injury. *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994). This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. *Commonwealth v. Polston*, 616 A.2d 669, 679 (Pa. Super. 1992). In *Richardson*, 636 A.2d at 1196, the court found that the defendant punching someone in the face with his fist constituted sufficient evidence to convict the defendant of simple assault.

According to the record, Appellant punched Ms. G███ in the face after she successfully defended herself from Appellant's attempt to forcefully remove her pants. N.T. 10/21/15 at 59. Like the defendant's punch in *Richardson*, Appellant's punch to Ms. G███'s face established an attempt to inflict bodily harm. *Id.* at 59-60. Therefore, there is sufficient evidence to sustain Appellant's conviction of simple assault.

### v. False Imprisonment of D████ G███.

Appellant next contends the evidence presented at trial was insufficient to prove the elements of false imprisonment. A person is guilty of false imprisonment if he knowingly restrains another unlawfully so as to interfere substantially with his liberty. 18 Pa.C.S.A §2903(a).

10

In *Commonwealth v. Brown*, 48 A.3d 1275, 1278 (Pa. Super. 2012), the court ruled that evidence showing that the defendant dragged the victim into the victim's vehicle and then drove the victim to a remote location was sufficient to convict the defendant of false imprisonment. In *Commonwealth v. Boyd*, 580 A.2d 393, 395 (Pa. Super. 1990), the defendant kicked in the passenger side window, went in the vehicle through the broken window and proceeded to attack the victim. As she attempted to get away, the defendant physically prevented her escape. *Id.* The *Boyd* court determined that this evidence was sufficient to sustain a false imprisonment conviction. *Id.*

The facts here mirror those in both *Brown* and *Boyd*. Similar to *Boyd*, Appellant restrained Ms. G███ in a vehicle while he proceeded to attack her, preventing her escape. N.T. 10/21/15 at 57. Appellant adjusted Ms. G███'s seat backwards and physically forced himself onto her to restrain her to her seat. *Id.* Specifically, as Appellant forced himself on Ms. G███, he placed his forearm on Ms. G███'s collarbone, pinning her down. *Id.* Despite her attempts to move, she was unable to due to Appellant's restraint. *Id.* Ms. G███ also testified that Appellant told her to "stop fighting it." *Id.* at 68. Following the rulings in *Brown* and *Boyd*, there is sufficient evidence to sustain Appellant's false imprisonment conviction.

### vi. Rape of E███ M███

Appellant next contends the evidence presented at trial was insufficient to prove the elements of rape. A person commits rape when the person engages in sexual intercourse with a complainant by forcible compulsion or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. 18 Pa.C.S.A §3121.

11

In *Commonwealth v. Guess*, 404 A.2d 1330, 1336 (Pa. Super. 1979), the court determined that evidence showing that the victim consented to sexual intercourse without physical resistance while she and her husband were being held at gunpoint by the defendant and his co-conspirator was sufficient to sustain a rape conviction. The court ruled that the defendant holding the victim at gun point was the type of forcible compulsion required by the rape statute. *Id.*

Like the defendant in *Guess*, the record indicates that Appellant brandished a gun, placed it in Ms. M████'s face and directed her to engage in sexual intercourse with him. N.T. 10/21/15 at 19-21. Appellant placed the gun on her head, ordered her to turn around and proceeded to penetrate her vagina with his penis. *Id.* at 21-22. Appellant pointing a gun at Ms. M████s head during the entire incident is sufficient for forcible compulsion. *Id.* Following the ruling in *Guess*, directing one to engage in sexual activity while pointing a gun towards his or her head satisfies the definition of forcible compulsion for rape. *Id.* Thus, there is sufficient evidence to sustain Appellant's conviction of rape.

### vii.    Sexual Assault of E████ M████

Appellant next contends the evidence presented at trial was insufficient to prove the elements of sexual assault. Sexual assault is defined as engaging in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent. 18 Pa.C.S.A §3124.1.

The court in *Commonwealth v. Shaffer*, 763 A.2d 411, 414 (Pa. Super. 2000) determined that evidence showing that the defendant handcuffed the victim, forced her into the trunk of his car and drove her to a remote field where he engaged in nonconsensual sexual intercourse with her was sufficient to sustain a sexual assault conviction. In *Commonwealth v. Prince*, 719 A.2d

12

1086, 1089 (Pa. Super. 1998), the victim testified that she did not consent to sexual intercourse with the defendant. The defendant told the victim that he wanted to have sex with her and began pulling on her clothes. *Id.* at 1088. The defendant then pulled the victim's shorts off and forced the victim into sexual intercourse. *Id.* The *Prince* court determined that this evidence was sufficient to support the jury's verdict convicting the defendant of sexual assault. *Id.* at 1089.

In the present case, the record indicates that after agreeing to a price for Ms. M████'s services, Ms. M████ asked Appellant to pay her. N.T. 10/21/15 at 19. However, instead of paying her, Appellant brandished a gun and ordered her to engage in sexual activity. *Id.* at 19-21. Appellant placed the gun against Ms. M████'s head and ordered her to turn around. *Id.* at 20. Appellant then penetrated Ms. M████'s vagina with his penis. *Id.* at 21-22. Like the victim in *Prince* and *Shaffer*, Ms. M████ did not consent to sexual intercourse with Appellant. *Id.* at 24. Therefore, there is sufficient evidence to sustain Appellant's sexual assault conviction.

### viii. Involuntary Deviate Sexual Intercourse of E███ M████

Appellant next contends the evidence presented at trial was insufficient to prove the elements of involuntary deviate sexual intercourse. A person commits involuntary deviate sexual intercourse when the person engages in deviate sexual intercourse with a complainant by forcible compulsion or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. 18 Pa.C.S.A §3123(a). Deviate sexual intercourse is defined as sexual intercourse per os or per anus between human beings. *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005).

In *Guess*, 404 A.2d at 1336, the court determined that evidence showing that the victim consented to performing oral sex on the defendant while she and her husband were being held at

13

gunpoint by the defendant and his co-conspirator was sufficient to sustain an involuntary deviate sexual intercourse conviction. The court ruled that the defendant holding the victim at gun point was the type of forcible compulsion required by the involuntary deviate sexual intercourse statute. *Id.*

Identical to the defendant in *Guess*, Appellant held Ms. M██████ at gunpoint and forced her to perform oral sex on him. N.T. 10/21/15 at 19-21. Therefore, *Guess* is controlling. Thus, there is sufficient evidence to sustain Appellant's conviction of involuntary deviate sexual intercourse.

### ix.    Indecent Assault of E███ M█████

Appellant next contends the evidence presented at trial was insufficient to prove the elements of indecent assault. Under the Pennsylvania Criminal Code:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and does so without the complainant's consent, or by forcible compulsion or by the threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S.A §3126(a)(1-2).

In *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006), the court determined that evidence showing that the defendant rubbed his penis against the victim, touched her vagina, and had nonconsensual sexual intercourse with her was sufficient to sustain an indecent assault conviction. Similarly, the defendant in *Commonwealth v. Richter*, 676 A.2d 1232, 1236 (Pa. Super. 1996) put his hands under the victim's shirt and fondled her breasts against her wishes. The *Richter* court explained that the defendant's actions constituted an indecent assault by the plain meaning of the statute. *Id.* Additionally, the court in *Commonwealth*

14

*v. Schilling*, 431 A.2d 1088, 1092, 1093 (Pa. Super. 1981) explained that an indecent assault conviction arose out of the singular act oral intercourse. Further, *Schilling* explained that in order to constitute an indecent contact for the purposes of indecent assault, the contact must have been against the consent or the will of this girl and there has to be a touching of the sexual organs or intimate parts of the other person for the purpose of arousing or gratifying sexual desire in the person.

The record indicates that Appellant forced Ms. M████to engage in oral sex before forcing her to engage in sexual intercourse. N.T. 10/21/15 at 20. The defendants in *Charlton* and *Richter* were convicted of indecent assault as a misdemeanor of the second degree. Consistent with the explanation in *Schilling*, Appellant was convicted of indecent assault of the first degree since he used forcible compulsion by placing a gun to Ms. M████'s head while she performed oral sex on him. *Id.* Appellant forcing Ms. M███ to perform oral sex on him is sufficient for indecent contact for purposes of indecent assault. *Id.* Therefore, Appellant's conviction of indecent assault should be sustained.

x.      **Simple Assault of E███M████**

Appellant next contends the evidence presented at trial was insufficient to prove the elements of simple assault. A person is guilty of simple assault if he or she attempts by physical menace to put another in fear of imminent serious bodily injury. 18 Pa.C.S.A §2701(a)(3). A person can commit simple assault by pointing a gun at an individual and attempting to put another in fear of imminent serious bodily injury. *In re Maloney*, 636 A.2d 671, 674 (Pa. Super. 1994). "The elements which must be proven are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. Intent can be proven by

15

circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Commonwealth v. Little*, 614 A.2d 1146, 1151 (Pa. 1992); *Commonwealth v. Repko*, 817 A.2d 549, 554 (Pa. Super. 2003).

In *Commonwealth v. Savage*, 418 A.2d 629, 630 (Pa. Super. 1980), the court found that evidence showing that the defendant approached the victim outside of the victim's apartment with a gun, pointed the gun at the victim and ordered the victim to relinquish valuables in his home while at gunpoint was sufficient to sustain a simple assault conviction. Similarly, the court in *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003) found that there was sufficient evidence to convict the defendant of simple assault under 18 Pa.C.S.A §2701(a)(3). The *Reynolds* court determined that the defendant pointing the gun at the victims and threatening their lives evidences his intent to place the victims in fear of "imminent serious bodily injury" through the use of menacing or frightening activity. *Id.* at 727.

Similar to *Savage* and *Reynolds*, Appellant placed a firearm in Ms. M████'s face and ordered her to comply with his unlawful demands. N.T. 10/21/15 at 20. Not only did Appellant point the gun in Ms. M████'s face, he put the gun to her head and against her temple. *Id.* Since Appellant pointed a gun at Ms. M████ and ordered her to perform oral sex and have sexual intercourse, Appellant had the specific intent to put Ms. M████ in fear of serious bodily injury. *Id.* Appellant's actions were threatening and meant to force Ms. M████ to comply with his demands. *Id.* Therefore, there is sufficient evidence to sustain Appellant's conviction of simple assault.

## xi. False Imprisonment of E███ M███

Appellant's final contention is that the evidence presented at trial was insufficient to prove the elements of false imprisonment. A person is guilty of false imprisonment if he knowingly restrains another unlawfully so as to interfere substantially with his liberty. 18 Pa.C.S.A §2903(a).

Again, this court follows the rulings handed out in *Brown* and *Boyd*. To reiterate, in *Brown*, 48 A.3d at 1278, the court ruled that evidence showing that the defendant dragged the victim into the victim's vehicle and then drove the victim to a remote location was sufficient to convict the defendant of false imprisonment. And again in *Boyd*, 580 A.2d at 395, evidence showing that the defendant kicked in the passenger side window, went in the vehicle through the broken window and proceeded to attack the victim preventing her escape was sufficient to sustain a false imprisonment conviction.

The record indicates that Appellant, with a gun, restrained Ms. M███ to the vehicle for an extended period of time while he forced her to engage in sexual intercourse. N.T. 10/21/15 at 19-22. Since Appellant restrained Ms. M███ just as he did Ms. Green, *Brown* and *Boyd* control. Thus, there is sufficient evidence to sustain Appellant's false imprisonment conviction.

17

## CONCLUSION

After review of the applicable statutes, testimony, and case law, there is sufficient evidence to find Appellant guilty of all offenses. Accordingly, the trial court's decision should be affirmed.

BY THE COURT:

*Diana L. Anhalt*

DATE: April 13, 2017

DIANA L. ANHALT, J.

18

## PROOF OF SERVICE

I hereby certify that on the date set forth below, I caused an original copy of the Judicial Opinion to be served upon the persons at following locations, which service satisfies the requirements of Pa.R.A.P. 122:

David W. Barrish, Esquire
1333 Race Street
Philadelphia, PA 19107

Hugh Burns, Esquire
Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia, PA 19107

Date: 4/13/17                                    By: _Diana L. Anhalt_
                                                      Diana Anhalt, Judge

19